**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

CHAMBERS OF
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER BLDG.
& U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608

April 2, 2026

**LETTER ORDER**

Re:    **L.S., et al. v. Johnson and Johnson, et al.
Civil Action No. 25-18012 (MAS) (RLS)**

Dear Counsel,

Currently pending before the Court is an unopposed Motion by Plaintiffs L.S., M.P., A.G., M.W., S.C., and T.W., individually and on behalf of all others similarly situated (collectively, "Plaintiffs") to proceed pseudonymously.    (Doc. No. 25). Defendants Johonson & Johnson, Janssen Pharmaceuticals, Inc., and Intra-Cellular Therapies, Inc. (collectively, "Defendants") do not oppose the Motion but seek the Court to disregard certain alleged misconstructions as to the nature of the pleadings. (Doc. No. 29).    The Court has fully considered the parties' written submissions without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1.    For the reasons set forth herein, and for good cause shown, Plaintiff's Motion is hereby granted.

The parties are familiar with the background of this matter and thus the Court does not recite it at length herein.    Generally, Plaintiffs allege that Defendants, through their websites, surreptitiously collected Plaintiffs' personal and sensitive health information, including information regarding their respective medical conditions. Defendants, per the Complaint, then purportedly provided that information to third-party online advertisers to benefit Defendants.    As a result, Plaintiffs assert, on behalf of themselves and a putative class, claims of: invasion of privacy; breaches of confidence, fiduciary duty, and implied contract; negligence; unjust enrichment; violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1) *et seq.*, (the "ECPA"); and violations of New Jersey and Indiana consumer fraud laws. (*See generally* Doc. No. 1).

When Plaintiffs initiated this action, Plaintiffs identified themselves through pseudonyms only. (*See* Doc. No. 1).    Plaintiffs now seek leave of Court to continue to

1

proceed pseudonymously to maintain privacy over their respective sensitive medical conditions. (*See* Doc. No. 25-1).

The Federal Rules of Civil Procedure require the identification of all parties in a pleading to facilitate the public's right to access judicial proceedings. Fed. R. Civ. P. 10(a); *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); *see also Doe v. Coll. of New Jersey*, 997 F.3d 489, 494 (3d Cir. 2021); *Doe v. Shao*, No. 24-9972, 2025 WL 942929, at *2 (D.N.J. Mar. 28, 2025); *Doe v. Hillsborough Twp. Bd. of Educ.*, No. 23-22597, 2024 WL 4028293, at *4 (D.N.J. Aug. 30, 2024). Nonetheless, a litigant may proceed anonymously if she shows that: (1) there is a fear of severe harm from public disclosure of his or her name; and (2) the fear of severe harm is reasonable. *Megless*, 654 F.3d at 408.

Courts must weigh the reasonable fear of severe harm with the public's interest in open judicial proceedings. *Id.* To do so, the Third Circuit has endorsed consideration of the non-exhaustive factors set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997). *Id.* at 409-10. Factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Provident Life*, 176 F.R.D. at 467-68) (internal quotation marks omitted). Factors that disfavor granting anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68 (internal quotation marks omitted)).

Courts also consider other factors implicated by the specific case. *See id.* Based on these factors, courts in this Circuit have permitted victims of sexual assault to proceed under pseudonyms. *See, e.g., Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019); *see also Doe v. Lyft, Inc.*, No. 23-3990, 2023 WL 8702729, at *2 (E.D. Pa. Dec. 15, 2023). Ultimately, the Court exercises its discretion in determining whether to permit a plaintiff to proceed under a pseudonym. *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014).

The crux of this matter is Plaintiffs' confidential health information that is not otherwise subject to disclosure absent limited circumstances. Indeed, Plaintiffs have maintained their identities confidential to date and have reasonable privacy interest in remaining anonymous so as to not disclose their personal and sensitive medical conditions. Public interests also weigh in favor of anonymity here to protect sensitive health information and there is a little interest of the public to knowing the identities of Plaintiffs. If the Court were to deny Plaintiffs the opportunity to continue under the pseudonyms, they and other litigants may decline to proceed with this matter in lieu of publicly identifying themselves and their medical conditions. These factors all weigh in favor of granting Plaintiffs' Motion.

Further, none of the factors disfavoring anonymity counterbalance the factors weighing in favor of it. Notably, Defendants do not oppose the Motion. While Defendants seek the Court to disregard certain statements in Plaintiffs' memorandum in support of the Motion, the Court need not construe the scope of the Complaint to resolve this Motion.

Accordingly, for those reasons, and good cause shown,

**IT IS, THEREFORE**, on this **2d** day of **April 2026**,

**ORDERED** that Plaintiffs' Motion to proceed pseudonymously is hereby **GRANTED**. Plaintiffs shall be referred to as "L.S.," "M.P.," "A.G.," "M.W.," "S.C.," and "T.W."; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at Docket Entry Number 25.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

3